IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01557-PAB-KLM

ENTEK GRB LLC,

    Plaintiff,

v.

STULL RANCHES, LLC,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint (CM-ECF Docket No. 18)** [Docket No. 72; Filed October 4, 2011] (the "Motion").  Plaintiff represents that Defendant opposes the Motion.[1]  The Scheduling Order governing this case provides that the deadline for joinder of parties and amendment of pleadings is November 30, 2011.  *Sched. Order*, Docket No. 42 at 16.  Accordingly, Plaintiff's Motion was timely filed.

The Court has discretion to grant a party leave to amend its pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

---

[1] The Court is not required to wait for Defendant to file a response before resolving the Motion.  D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").  Where, as here, the Court finds that Plaintiff has shown good cause for amending her Complaint, waiting for a response is unnecessary and inefficient.

1

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

After carefully reviewing Plaintiff's original Complaint [Docket No. 18] and proposed Verified First Amended Complaint [Docket No. 72-1], the Court agrees with Plaintiff that the proposed amendment is an effort "to address the additional facts and to clarify that it is seeking a judicial declaration as to all of its access rights to surface owned by Stull Ranches, not just enumerated sites." *Motion* [#72] at 2. Moreover, the deadline for the completion of discovery is still five months away, and the deadline for filing dispositive motions is April 2, 2012. *Sched. Order* [#42] at 16. The case is still in its early stages, and Defendant has ample time to prepare its defenses. Therefore, the Court finds that Defendant will not be prejudiced by allowing the filing of the Verified First Amended Complaint.

The Court also finds that Plaintiff has demonstrated good cause for amending her original Complaint. Plaintiff explains that, during a hearing held September 19, 2011, regarding Plaintiff's request for a preliminary injunction, the District Judge construed the original Complaint in a manner not intended by the Plaintiff. *Motion* [#72] at 3. The District Judge denied the request for a preliminary injunction without prejudice. *Minutes*, Docket

No. 54.  The original Complaint was drafted for filing in Colorado state court, and as explained by Plaintiff in its Motion, the proposed amendment is intended to more clearly state and support its requested relief, which in turn, would presumably remedy the construction of the original Complaint previously stated by the District Judge.  In these circumstances, "[i]t is eminently reasonable to allow Plaintiff to timely amend the Complaint so as to better describe its claims."  *Alpern Myers Stuart LLC v. Hartford Casualty Ins. Co.*, No. 11-cv-00176-CMA-KLM, Docket No. 22 at 2 (D. Colo. Jun. 30, 2011) (unpublished order) (quotation omitted).  Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#72] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Verified First Amended Complaint [#72-1] and accompanying Exhibits [Docket Nos. 73-77] for filing.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Verified First Amended Complaint on or before **October 21, 2011**.

DATED: October 7, 2011 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge