## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01557-PAB-KLM

**ENTEK GRB LLC,**

   **Plaintiff,**

**v.**

**STULL RANCHES, LLC,**

   **Defendant.**

---

### STIPULATED PROTECTIVE ORDER

---

   Upon joint motion of the Plaintiff Entek GRB LLC and Defendant Stull Ranches, LLC (hereafter collectively "the Parties") for a protective order, pursuant to Fed. R. Civ. P. 26, and it appearing that documents, information, and testimony will be sought or exhibited by the Parties which ~~such documents, information, and testimony~~ may relate to the Parties' or to a third party's *KLM* confidential, proprietary or commercial information as defined below, the Plaintiff and Defendant have entered into this Stipulated Protective Order to protect the confidentiality of this information.

   By consent, IT IS HEREBY ORDERED THAT:

#### Designation of Confidential Information

1.  This Stipulated Protective Order applies to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure (hereafter "Discovery Materials").

2. As used in this Stipulated Protective Order, "document" includes "documents or electronically stored information" as defined in Fed.R.Civ.P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. "Confidential Information" is information which the Disclosing Party believes in good faith is confidential and implicates common law or statutory privacy interests (including trade secret or other confidential research, development, or commercial information of *and which is produced and/or in* such a nature as to be protectable under Fed.R.Civ.P. 26(c)(1)(G)) *of* (a) the Parties to *the possession* this matter; (b) current or former officers, owners, employees, contractors, or consultants *of* to the Parties; (c) persons who received or provided research, testing, or analysis used by Entek GRB LLC; or (d) third party data owners Marathon Oil Company and Seismic Exchange, Inc.

4. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. The term "Disclosing Party" shall refer to the party or entity producing Confidential Discovery Materials (Discovery Materials that contain Confidential Information) and the term "Non-Disclosing Party" shall refer to the party to whom Confidential Discovery Materials have been produced.

6. "Authorized Recipients" means any individual or entity who agrees to be bound by the terms of this Stipulated Protective Order.

7. The Parties and third party data owners Marathon Oil Company and Seismic Exchange, Inc., in producing Discovery Materials in this action that contain Confidential Information as defined above, may designate such Discovery Materials as "CONFIDENTIAL" which documents shall be so marked. Discovery Materials in this

action which are designated "CONFIDENTIAL", may also be designated by the Disclosing Party as "ATTORNEYS' EYES ONLY," if the Disclosing Party believes in good faith the Discovery Materials constitute or embody information such that they must *kvm* be afforded even greater protection than that which is afforded by the "CONFIDENTIAL" designation. The Parties shall limit their designation of materials as "ATTORNEYS' EYES ONLY" to highly sensitive information which the Disclosing Party believes in good faith would reveal significant technical or business advantages of the Disclosing Party, and which includes as a major portion subject matter which is believed to be unknown to the Non-Disclosing Party, or any of their employees. Third party data owners Marathon Oil Company and Seismic Exchange, Inc. may indicate to Plaintiff that all or a portion of their data must be designated "ATTORNEYS' EYES ONLY" and Plaintiff will so designate any Discovery Materials it knows comprise or embody such data.

8.      In the absence of written permission from the Disclosing Party or an Order by the Court, Confidential Information marked "CONFIDENTIAL" by the Disclosing Party shall not be disclosed to any person other than: (i) the Court, and the employees thereof; (ii) court reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation; (iii) the Parties and their counsel in this lawsuit (including secretarial, paralegal and clerical personnel assisting such counsel); (iv) experts and their staff who are employed for the purposes of this litigation; and (v) deponents or prospective trial witnesses, who may see transcriptions of their own testimony and may see documents containing Confidential Information about which they potentially have personal knowledge; provided that before such disclosure, the Non-Disclosing Party's

experts (non-testifying and testifying) and deponents or prospective trial witnesses described above shall agree to abide by the terms of this Stipulated Protective Order by signing an undertaking in the form attached hereto as Exhibit A, a copy of which shall be retained by counsel for the Non-Disclosing Party.

9.    In the absence of written permission from the Disclosing Party or an Order by the Court, Confidential Information marked "ATTORNEYS' EYES ONLY" by the Disclosing Party shall not be disclosed to any person other than:  (i) the Court, and the employees thereof; (ii) court reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation (iii) any persons who authored or authorized a document containing "ATTORNEYS EYES ONLY" designated material; (iv) counsel of record for the parties (including secretarial, paralegal and clerical personnel assisting such counsel); and (v) experts and/or their staff; provided that before such disclosure, the Non-Disclosing Party's experts (non-testifying and testifying) shall agree to abide by the terms of this Stipulated Protective Order by signing an undertaking in the form attached hereto as Exhibit A, a copy of which shall be retained by counsel for the Non-Disclosing Party.

10.    Any documents, information, or testimony submitted either in response to discovery requests or pursuant to this or any other Order in this matter, which documents, information, or testimony is asserted by the Disclosing Party to contain or constitute Confidential Information as defined above, may be so designated by the Disclosing Party in writing, or orally at deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and shall be segregated from other information being submitted.  All such appropriate documents or transcriptions of such testimony shall be clearly and

prominently marked on their face with the legend: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In the case of Confidential Information in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information contained therein as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by affixing a legend stating the same to the outside of the medium or container.

11. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of completion of the transcript.

12. A Non-Disclosing Party shall include a transmittal letter with all transfers of Confidential Information and shall keep a copy of all such transmittal letters in its files until each Non-Disclosing Party has provided certification to the Disclosing Party that all Confidential Information it received has been destroyed or returned. A Non-Disclosing Party shall insure proper and secure storage of all Confidential Information.

13. If a Non-Disclosing Party receives any documents, information, or testimony submitted and/or designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order, and disagrees with respect to such designation, in full or in part, the Non-Disclosing Party shall notify the Disclosing Party in writing, and the two

parties shall thereupon confer as to the status of the subject documents, information, or testimony proffered within the context of this Order. If prior to or at the time of such conference the Disclosing Party withdraws its designation of such documents, information, or testimony as being subject to this Order, but nonetheless produces such documents, information, or testimony for purposes of this litigation, the Disclosing Party shall express the withdrawal in writing and serve such withdrawal upon the Non-Disclosing Party. If the Parties are unable to concur upon the status of the subject documents, information, or testimony within ten (10) calendar days from the date of notification of such disagreement by the Non-Disclosing Party, the Non-Disclosing Party may thereafter file a motion to compel with the Court for consideration of whether the documents, information, or testimony is entitled to confidentiality pursuant to the Federal Rules of Civil Procedure.

14. If testimony, documents, or other information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is disclosed by a Non-Disclosing Party to any person other than in the manner authorized by this Stipulated Protective Order, the Non-Disclosing Party must immediately bring all pertinent facts relating to such disclosure to the attention of Disclosing Party, and, without prejudice to other rights and remedies of the Disclosing Party, make every reasonable effort to prevent further disclosure by them or by the person who was the recipient of such information.

15. If a Disclosing Party inadvertently or unintentionally produces to a Non-Disclosing Party Discovery Material without marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Disclosing Party, upon discovery of the inadvertent production, shall give notice to the Non-Disclosing Party in writing and thereafter the Non-Disclosing Party

90631203.1

shall treat the document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," subject to the provisions and procedures of this Stipulated Protective Order.  Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Disclosing Party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

16.  A Non-Disclosing Party shall not be obligated to challenge the propriety of any confidential designation and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation, provided that any challenges on the propriety of such designation must be brought no later than 30 days after the close of discovery in this matter.

17.  Nothing shall prevent general disclosure by the Non-Disclosing Party beyond the terms of this Order if the Disclosing Party consents in writing in advance to such disclosure, or if the Court, after notice to all Parties, authorizes such disclosure.

18.  Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude a Disclosing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to any Confidential Information as a Disclosing Party may consider appropriate.

19.  The Parties may agree to allow other individuals or entities to be subject to the obligations and protections of this Stipulated Protective Order as set forth herein provided each such individual or entity separately agrees to be bound by the provisions of this Stipulated Protective Order.

20.  To the extent that any materials subject to this Stipulated Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed as an

90631203 1

exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the Parties agree first to confer to determine if the confidentiality concerns can be protected through agreed-upon redactions or other action without filing such materials under seal.  If an agreement cannot be reached, the party filing the material shall submit the document containing Confidential Information under seal in accordance with D.C.COLO.LCivR 7.2.

21.   Upon completion of this litigation, including any appeal, the Parties and all persons who are subject to this Stipulated Protective Order shall continue to treat all items containing confidential information or documents, information, or testimony designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order, and each Non-Disclosing Party shall, within ninety (90) days, return all such materials and copies thereof to counsel for the Disclosing Party or certify in writing to counsel for the Disclosing Party that such materials and copies thereof have been destroyed.

22.   **Particular instructions regarding information from Marathon Oil Company:**

a.   Defendant has requested that Plaintiff provide data that is owned by a third party, Marathon Oil Company ("MOC").  Defendant acknowledges that this data is the valuable property of MOC for which Plaintiff has paid to obtain a limited license, but which Plaintiff does not have the right to disclose to Defendant.  In consideration for MOC's permission to disclose such data, Defendant shall treat such data as "ATTORNEYS' EYES ONLY".  Defendant shall not disclose such MOC data to any expert who is providing non-litigation services to Defendant, or

who is providing services to other individuals or entities regarding properties adjoining or in the same township as any of Defendant's property.

b. Upon completion of this litigation, including any appeal, Defendant shall, within ninety (90) days, return all such MOC data and copies, notes and other derivative materials thereof to MOC at the address below or certify in writing to MOC that such data and materials have been destroyed.

> Marathon Oil Company
> c/o Fulbright & Jaworski LLP
> 370 17th Street, Ste. 2150
> Denver, CO 80202

c. Defendant accepts the MOC data "as is". MOC makes no representation or warranty, express or implied, in respect to title, ownership, rights, quality, accuracy or usefulness of the MOC data or otherwise and any such implied warranties or representations are hereby expressly negated. Such MOC data are delivered with the explicit understanding and agreement of Defendant that any action taken or expenditures made by or on behalf of Defendant based on Defendant's or its agents' examination, evaluation, interpretation or use of the data is at Defendant's own risk and responsibility and neither Defendant nor its agents will have any claim against and hereby releases MOC from any liability as a consequence thereof.

d. MOC will not be liable to Defendant, and Defendant hereby releases MOC from and waives any claim against MOC for, any damages (including direct, indirect, incidental, consequential and punitive damages), however such may be caused and whether or not such damages are foreseeable.

23. **Particular instructions regarding confidential and proprietary trade secrets licensed by Seismic Exchange, Inc.:**

    a.     Defendant's discovery requests to Plaintiff may be construed as requiring Plaintiff to produce certain seismic data licensed to Plaintiff by Seismic Exchange, Inc., as owner of the seismic data or as the exclusive licensor of the data for the seismic data owners (collectively, "SEI"). Defendant acknowledges this seismic data is the valuable property of SEI for which Plaintiff has paid to obtain a limited license, but which Plaintiff does not have the right to disclose to Defendant under the terms of the applicable seismic data license agreement(s). In consideration for SEI's permission to disclose the seismic data to Defendant in this litigation, Defendant agrees the terms of this Stipulated Protective Order apply to any SEI seismic data, and agrees to the designation of such SEI seismic data as "ATTORNEYS' EYES ONLY". Defendant shall only disclose such SEI seismic data to experts who are not providing non-litigation services to Defendant, and who are not providing services to other individuals or entities regarding properties adjoining or in the same township as any of Defendant's property.

    b.     Within ninety (90) days of conclusion of this litigation at the trial phase, Defendant's experts shall return the SEI seismic data and all copies, notes and other derivative materials using the SEI seismic data, which was prepared for this litigation, to Plaintiff's counsel or certify in writing that such seismic data and derivative materials have been destroyed. Within ninety (90) days of conclusion of this litigation, including any appeals, Defendant's counsel will return to Plaintiff's counsel all SEI seismic data produced in this litigation and all copies,

notes and other derivative materials thereof to Plaintiff's counsel or certify in writing to Plaintiff's counsel that such data and materials have been destroyed.

24.    This Stipulated Protective Order is not intended to change the scope of permissible discovery under the Federal Rules of Civil Procedure.  The disclosure of Confidential Information pursuant to discovery or the procedures set forth in this Stipulated Protective Order does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

25.    Nothing in this Order shall prevent the Parties from releasing their own Confidential Information as they see fit, and such release shall not constitute a waiver of any of the terms of this Order.

26.    This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED, this 19th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE
Magistrate

## AGREED AS TO FORM:

Attorney for Plaintiff                              Attorney for Defendant


 /s/Lucy D. Arnold                                    /s/James M. Cox
Ms. Lucy D. Arnold                              Mr. Dudley von Holt
Mr. L. Poe Leggette                             Mr. James M. Cox
Fulbright & Jaworski L.L.P.                Thompson Coburn, LLP – St. Louis
370 Seventeenth Street, Ste. 2150      One US Bank Plaza #2700
Denver, Colorado 80202                     St. Louis, MO  63101-1611
Telephone: (303) 801-2700                 Telephone: (314) 552-6000
larnold@fulbright.com                         dvonholt@thompsoncoburn.com
pleggette@fulbright.com                      jcox@thompsoncoburn.com

*Attorneys for Plaintiff Entek GRB LLC*      *Attorneys for Defendant Stull Ranches, LLC*

90631203.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01557-PAB-KLM

ENTEK GRB LLC,

      Plaintiff,


v.

STULL RANCHES, LLC,

      Defendant.

---

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

---

      The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in this action on _____, 201__, has read same and agrees to be bound by all of the provisions thereof.


_____
Signature

_____
Name (Please Print)


Date: _____