IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01557-PAB-KLM

ENTEK GRB, LLC,

    Plaintiff,

v.

STULL RANCHES, LLC,

    Defendant.

**ORDER**

This matter is before the Court on the Amended Motion to Dismiss [Docket No. 34] filed by plaintiff Entek GRB, LLC ("Entek"). In its motion, Entek requests that the Court dismiss the first and third amended counterclaims of defendant Stull Ranches, LLC ("Stull").[1] The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

This case arises out of a dispute regarding the rights of a mineral lessee to access a surface owner's land to develop subterranean minerals. Plaintiff Entek is the lessee of several mineral estates leased through the Bureau of Land Management.

---

[1] On September 29, 2011, Stull filed an Amended Third Counterclaim [Docket No. 61] in an effort to address the alleged deficiencies Entek raises in the present motion. Thereafter, Entek filed a motion to dismiss Stull's third amended counterclaim [Docket No. 87], which brought new arguments not alleged in the current motion. Given that Entek's motion to dismiss Stull's third amended counterclaim alleges new theories for dismissal and that Stull has alleged additional facts to support its third amended counterclaim, the Court deems that portion of Docket No. 34 directed to the amended counterclaim to have been superseded and rendered moot by Docket No. 87.

Entek's mineral estates at issue are all located on the Focus Ranch Unit ("FRU"). The FRU is a collection of mineral leases combined for the purpose of facilitating the development of leased minerals. Defendant Stull owns some of the surface area overlying Entek's mineral estates. In the state court complaint [Docket No. 18][2], Entek alleged that Stull wrongfully restricted Entek's access to Stull's property that is superjacent to Entek's mineral estates.

According to Entek, federal regulations and lease restrictions allow a mineral lessee to perform surface disturbing activities in the FRU between the second day in July and forty-eight hours prior to the opening of deer and elk hunting season. Docket No. 81 at 9, ¶ 46. Entek states that, in early 2011, it attempted to notify Stull on several occasions of its intent to survey and stake possible well locations for Entek's mineral estate subjacent to Stull's land. *See* Docket Nos. 76, 76-1, 76-2. Entek alleges that, despite its efforts, Stull failed to respond to Entek's communications. *Id.* Entek maintains it only established contact with Stull's representatives on May 25, 2011. Docket No. 81 at 3-4, ¶ 12.

On May 27, 2011, Entek informed Stull that it planned to survey and stake well sites on Stull's property beginning on June 6, 2011. *Id.* at 4, ¶ 13. On June 3, 2011, Stull notified Entek that it did not consent to Entek's entry onto Stull's property for surveying and staking activities. *Id*. at ¶ 15. On June 6, 2011, Stull again reiterated its

---

[2]On October 7, 2011, Entek filed an amended complaint [Docket No. 81]. The amended complaint alleges facts almost identical to those found in the state court complaint.

position that it did not consent to Entek's proposed surveying and staking activities. *Id*. at ¶ 17.

On June 8, 2011, Entek's surveyors, David Fehringer and David Sims, surveyed part of Stull's property overlying one of Entek's mineral leases. *Id*. at 5, ¶ 21. While the surveyors were on Stull's property, Kelly Sewell, Stull's ranch manager, informed the surveyors that they were trespassing and that Mr. Sewell would call the Sheriff's Department. Docket No. 81 at 5, ¶ 24. At the time Mr. Sewell approached the surveyors, he allegedly possessed a firearm. *Id*. at ¶ 26. According to Entek, Mr. Sewell contacted the Routt County Sheriff's Department and informed them that Entek's surveyors were trespassing on Stull's land. *Id*. After this incident, Entek's surveyors vacated Stull's property. *Id*. at ¶ 27.

On June 8, 2011, Entek filed a complaint [Docket No. 18] and a motion for a temporary restraining order ("TRO") [Docket No. 15] in the District Court for Routt County, Colorado. On June 10, 2011, the District Court for Routt County granted Entek's TRO [Docket No. 16]. Stull thereafter removed the case to this Court [Docket No. 1].

In the state court complaint, Entek sought a declaratory judgment finding that "Entek, as the mineral lessee, is entitled to enter surface owned by Stull overlaying any lease owned by Entek to perform" activities related to the development of its mineral estates. Docket No. 18 at 8. Entek also sought a "permanent injunction preventing Stull Ranches . . . from interfering with or denying Entek's access to any surface owned by Stull overlaying leases owned by Entek." *Id*. at 9.

On August 9, 2011, Stull filed amended counterclaims [Docket No. 25]. Stull's first counterclaim alleges that Entek filed this litigation as an abuse of process because Entek has no interest in the relief requested in the complaint. Docket No. 25 at 1, ¶ 3. Stull contends that Entek is using this action for the improper purpose of obtaining a right-of-way across Stull's property to access the 12-1 well and the 3-1 well, which are not located on Stull's property. *Id.* at 4, ¶ 17. Stull claims that Entek's true motive in this litigation is not to obtain a declaratory judgment; rather, Entek is using litigation as a coercive bargaining tool. *Id.* Stull asserts that Entek's plan to drill on Stull's property was concocted without "reference to reliable or substantial geologic, scientific, or economic analysis." *Id.* at 3, ¶ 15. Stull maintains that it has been damaged by Entek's trespass onto its property and because it must expend monetary resources to defend litigation. *Id.* at 4, ¶ 20. Finally, Stull argues that Entek's abuse of process is malicious, willful, and wanton. *Id.* at ¶ 21.

On August 24, 2011, Entek filed the present motion to dismiss Stull's first amended counterclaim [Docket No. 34]. Entek claims that Stull has failed to allege sufficient facts to support an abuse of process claim. Docket No. 34 at 6. Entek states that the facts alleged in its state court complaint show that Entek is not litigating the current suit for an improper purpose. *Id.* Entek argues that it commenced legal proceedings because Stull's interference with Entek's right of access and Stull's failure to negotiate with Entek left litigation as the only avenue for Entek to secure its rights. *Id.* at 9. Moreover, Entek contends that Stull's allegation that Entek decided where to drill "without reference to reliable or substantial geologic, scientific or economic

4

analysis" is irrelevant to an abuse of process claim. *Id*. at 8. Additionally, Entek maintains that the "logical outcome of Stull's position" is an absurdity, because "under Stull's theory, Stull could freely interfere with Entek's legal rights of access to its mineral estate and could also prevent Entek from going to court to enforce its rights." *Id*. at 9. Finally, Entek alleges that Stull has failed to show that it has suffered damages or that the current litigation adversely affects Stull's legal interest.

Notwithstanding its motion to dismiss, Entek filed an amended complaint on October 7, 2011 [Docket No. 81], seeking a declaratory judgment finding that "Entek is entitled to enter any surface owned by Stull to survey and stake proposed well sites or to access well sites . . . the surface of which are on Stull surface . . . [for] the development of Entek's mineral estate." Docket No. 81 at 13, ¶ 64. Additionally, Entek seeks a declaratory judgment that it "is entitled to enter any surface owned by Stull to access well sites or proposed well sites the surface of which are not on Stull surface." *Id*. at ¶ 67. Finally, Entek seeks a declaratory judgment finding that it "is entitled to enter onto Stull surface anywhere within the Focus Ranch Unit to develop unitized minerals within the Focus Ranch Unit." *Id*. at 14, ¶ 70.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss a counterclaim is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss a claim. *See Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1261 (10th Cir. 2003) (noting that the same standard applies to a Rule 12(b)(6) motion to dismiss a claim and a Rule 12(b)(6) motion to dismiss counterclaims); *accord Peiker Acustic, Inc. v. Kennedy*, No. 10-cv-

02083-ZLW-MJW, 2010 WL 4977870, at *1 (D. Colo. Dec. 2, 2010). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In so doing, the Court "must accept all the well-pleaded allegations of the complaint [or counterclaim] as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint [or counterclaim]

still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

### III. ANALYSIS

A claim for abuse of process lies where a party invokes legal proceedings, not for their intended purposes, but in an effort to obtain collateral results not available through the normal operation of legal proceedings. *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994). Under Colorado law, a claim for abuse of process requires allegations of the following three elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) the use of judicial proceedings which is not proper in the regular course of proceedings; and (3) resulting damages. *See Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897, 899 (Colo. App. 1973). Thus, the concept of abuse of process requires two basic showings: "using legal *means* improperly, and harboring an improper *motive* for doing so." *Partminer Worldwide, Inc. v Siliconexpert Techs., Inc.*, No. 09-cv-00586-MSK-MJW, 2010 WL 502718, at *2 (D. Colo. Feb. 10, 2010) (emphasis in original).

The use of a legal proceeding in an improper manner is an essential element of an abuse of process claim. *James H. Moore*, 892 P.2d at 373. Thus, although the litigant's motive may be important in determining whether there was an "ulterior purpose" for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process. *Id*. If the action is confined to its regular

and legitimate function in relation to the cause of action stated in the complaint, there is no abuse, even if the plaintiff had an ulterior motive in bringing the action. *Id*.

Stull maintains that, to survive the motion to dismiss with regard to the first element, it only needs to allege facts leading to the plausible conclusion that Entek had an ulterior purpose in filing this case. Docket No. 51 at 4. Stull argues that Entek's ulterior motive for commencing this litigation was to secure a right-of-way across Stull's property to access the 12-1 well, which is not on Stull's property. Docket No. 51 at 4. To support this theory, Stull asserts that Entek chose its proposed well locations without "reference to reliable or substantial geologic, scientific or economic analysis." Docket No. 25 at 3, ¶ 15. Additionally, Stull claims that Entek threatened to drill numerous wells on Stull's property unless Stull agreed to open an old easement across its property to allow Entek access the 12-1 well. Docket No. 51 at 5; Docket No. 44-8 at 12-14.[3]

The Court finds that Stull's allegations, when accepted as true, are sufficient to support the argument that Entek had an ulterior purpose for filing this lawsuit, namely, to secure a right-of-way to access the 12-1 well. *See Alvarado*, 493 F.3d at 1215 (the Court "must accept all well-pleaded allegations of the [counterclaim] as true and must construe them in a light most favorable to the [pleader]."). However, because finding an

---

[3]Because Entek's amended complaint [Docket No. 81] is now the operative pleading in this case, Entek's desire to use Stull's surface to access wells not located on Stull's property is no longer a collateral result; on the contrary, it is now the requested relief sought in this litigation. *See* Docket No. 81 at 13-14. However, Stull's abuse of process claim alleges that the process abused by Entek is the initial filing of the lawsuit. *See* Docket No. 25. Thus, the proper inquiry must focus on Entek's motive in filing the original state court complaint [Docket No. 18].

improper motive is not the same as finding that plaintiff used improper means to satisfy its motive, Stull must also establish that Entek's use of judicial proceedings was improper. *Yadon v. Lowry,* 126 P.3d 332, 337 (Colo. App. 2005) ("The essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve."). An abuse of process claim does not lie where a party invokes a procedural tool correctly for the relief that it offers, even though it does so for an improper purpose. *Id*. Thus, an ulterior motive may be inferred from the wrongful use of the process, but the wrongful use may not be inferred from the motive. *James H. Moore*, 892 P.2d at 373.

In this case, Entek alleges that it owns several mineral estates underlying Stull's property. Entek claims that, under Colorado law, the owner of a mineral estate has the right to use land superjacent to the mineral estate to develop the mineral estate. Entek further contends that Mr. Sewell, Stull's ranch manager, intercepted Entek's surveyors and called the Routt County Sheriff claiming that the surveyors did not have a right to access Stull's property. Additionally, Entek asserts that Stull was unwilling to negotiate with Entek with regard to access rights. Given all of these facts, Entek states that it commenced legal proceedings because litigation was the only avenue left to secure its rights. Docket No. 34 at 6.

In response, Stull argues that the counterclaim alleges "[Entek's] suit is objectively baseless," Docket No. 25 at 4, ¶ 15, because Entek "brought the present suit, purportedly seeking access to proposed wells at various points on [Stull's] surface, but in fact designed to force [Stull] to agree to allow access across its land to" the 12-1 well, which is not on Stull's property. *Id*. at ¶ 17. Stull asserts that Entek has "declared

[its] willingness to abandon [its] current threats to drill on [Stull's] property if [access to the 12-1 well] is granted." *Id*. at ¶ 18. Accepting these facts as true, the Court finds that Stull has not alleged facts sufficient to show that Entek's use of judicial proceedings was improper. The factual allegations regarding Entek's motive are conclusory. *Moffett*, 291 F.3d at 1232 (noting that, for motions to dismiss, courts need not accept conclusory allegations). The fact that Stull did not believe Entek's stated reasons for accessing its property is irrelevant. In assessing an abuse of process claim, courts need not look at the factual merit of the allegations; rather, courts look to the nominal purpose for which the process is invoked. *Partminer*, 2010 WL 502718, at *3. Thus, the only relevant facts here are that Entek had a right to access Stull's property and Stull interfered with Entek's right to develop its mineral estate by restricting Entek's access to Stull's property. Docket No. 76-9. Given these facts, the Court finds that a complaint seeking a declaratory judgment and a permanent injunction is a proper use of the judicial process because the relief sought is consistent with the claims alleged. *See James H. Moore*, 892 P.2d at 373 ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive").

Accordingly, the Court finds that, because Stull has not alleged sufficient facts to establish the second element of an abuse of process claim, Stull's first amended counterclaim is dismissed for failure to state a claim upon which relief may be granted. *See Ware v. McCutchen*, 784 P.2d 846, 848 (Colo. App. 1989) (noting that the party asserting an abuse of process claim must make a showing as to all the elements of the claim).

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that Entek GRB, LLC's Amended Motion to Dismiss Stull Ranches, LLC's First and Third Amended Counterclaims [Docket No. 34] is **GRANTED** in part and **DENIED** as moot in part as indicated in this Order. It is further

**ORDERED** that Stull Ranches, LLC's First Amended Counterclaim is hereby dismissed.

DATED March 6, 2012.

                                                    BY THE COURT:

                                                  s/Philip A. Brimmer
                                                  PHILIP A. BRIMMER
                                                  United States District Judge