IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01557-PAB-KLM

ENTEK GRB LLC,

    Plaintiff,

v.

STULL RANCHES, LLC,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Strike "Rebuttal" Expert Report of Alan Rabinoff** [Docket No. 116; Filed May 16, 2012] (quotations in original) (the "Motion"). Plaintiff submitted a Response in opposition to the Motion on June 6, 2012 [#123], and Defendant filed a Reply on June 20, 2012 [#130]. The Motion is ripe for review and referred to this Court for disposition [#117]. For the reasons stated below, the Court **DENIES** Defendant's Motion.

**I.**     **Background**

This lawsuit arises from allegations that Defendant improperly denied Plaintiff access to the surface of land owned by Defendant. *See First Am. Compl.,* [#81]. Plaintiff contends that it is the lessee of minerals under the surface of the land, and is thus entitled to access the minerals via Defendant's land. *See id.* In the Motion at issue, Defendant requests that the Court strike the rebuttal expert report of Plaintiff's expert Mr. Alan Rabinoff. *See* [#116].

The crux of Defendant's position is that Mr. Rabinoff should have included testimony regarding whether the well in dispute "would produce oil and gas from beneath [Defendant's] surface" in his affirmative expert report, but failed to do so. *Id.* at 4. The testimony was instead included in the rebuttal expert report, which Defendant contends is impermissible, as Plaintiff bears the burden of proof on the issue of whether the disputed well will actually produce oil and gas. *See id.* Defendant avers that the content of the rebuttal report is therefore untimely and "fails to acknowledge [Plaintiff's] burden of proof." *Id.*

In Response, Plaintiff proffers four arguments against Defendant's requested relief. *See* [#123]. First, Plaintiff asserts that Defendant fails to establish prejudice, as counsel for Defendant deposed Mr. Rabinoff on the content of the rebuttal report. *Id.* at 2. Second, Plaintiff explains that the rebuttal report is a true rebuttal, in that it "rebuts assertions of [Defendant's] expert, Jan J. Tomanek." *Id.* Third, Plaintiff contends that it does not have a burden to prove that the disputed well will produce oil and gas, as "it is impossible to be sure a well will produce at all until it is drilled." *Id.* at 4. Finally, Plaintiff states that a determination on the relevance of Mr. Rabinoff's report would be premature at this stage of litigation. *Id.* at 5.

## II.    Analysis

Although Fed. R. Civ. P. 26(a)(2)(d) governs the timing of expert report disclosures, Fed. R. Civ. P. 37(c)(1) prescribes the Court's authority to strike expert testimony as untimely. *E.g., Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless.").

Rule 37(c)(1) provides that a failure to comply with Rule 26(a) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). The Court must consider four factors in determining whether the failure to timely disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993.

As stated above, even if the Court were to assume (which it does, for purposes of the instant Motion only) that Mr. Rabinoff's rebuttal report violates Rule 26(a), the Court may nonetheless decline to strike the rebuttal report if the violation was substantially justified or harmless. "The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures." *See Contour PAK, Inc. v. Expedice, Inc.*, No. 08-cv-01091-PAB-KMT, 2009 WL 2490138, at *1 (D. Colo. Aug. 14, 2009) (citation omitted). Plaintiff contends that Defendant cannot show prejudice because Defendant has already deposed Mr. Rabinoff regarding the rebuttal expert report. In Reply, Defendant counters that it does not have time within the case management schedule to find "an expert of its own" regarding the potential productivity of the well, and is thus prejudiced by Mr. Rabinoff's rebuttal report. [#130] at 1. (Defendant makes no mention of Rule 37(c)(1) in either its Motion or its Reply, and does not offer any showing of prejudice in its Motion.)

Review of the rebuttal expert report, [#116-1], and the transcript of Mr. Rabinoff's deposition, [#123-1], reveals that counsel for Defendant asked numerous questions regarding the one-sentence opinion stated in Mr. Rabinoff's rebuttal report. The Court thus finds that Defendant's conclusory assertion of prejudice fails to overcome the burden met by Plaintiff, that Defendant is unharmed by the timing of the disclosed testimony stated in Mr. Rabinoff's rebuttal report. Further, the Court concludes that the four *Woodworker's* factors weigh in favor of the Court's determination that any potential Rule 26(a) violation implicated by Mr. Rabinoff's rebuttal expert report is harmless: (1) Defendant endured no prejudice or surprise resulting from Mr. Rabinoff's report; (2) Defendant cured any existing prejudice through exploring the rebuttal opinion during Mr. Rabinoff's deposition; (3) there is no potential for trial disruption, as Defendant has demonstrated its thorough understanding of the rebuttal opinion in its Reply; and (4) neither side makes any argument regarding bad faith or willfulness on part of Plaintiff.

### III.  Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that Defendant's Motion to Strike "Rebuttal" Expert Report of Alan Rabinoff [#116] is **DENIED**.

Dated: July 10, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge