IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01557-PAB-KLM

ENTEK GRB, LLC,

      Plaintiff,

v.

STULL RANCHES, LLC,

      Defendant.

---

## ORDER

---

      This matter is before the Court on the Opinion [Docket No. 185] and Mandate [Docket No. 189] issued by the United States Court of Appeals for the Tenth Circuit in this case and the Renewed Motion to Dismiss for Failure to Join the United States, a Required Party [Docket No. 192] and the Motion for Summary Judgment for Failure to Satisfy Conditions Precedent [Docket No. 193] filed by defendant Stull Ranches, LLC ("Stull").

## I.  BACKGROUND

      The background facts have been set forth elsewhere and will not be restated here except as relevant to resolving the present matter.  *See* Docket No. 173 at 1-5; *Entek GRB, LLC v. Stull Ranches, LLC*, 763 F.3d 1252, 1253-54 (10th Cir. 2014).[1] Entek's first claim for relief seeks a declaration that it has the right to: (1) stake, survey,

---

[1]The Court incorporates by reference all abbreviations and definitions set forth in its prior orders.  *See* Docket No. 173 at 1-5.

drill, and develop well locations on Stull's surface (Count One); (2) use Stull's surface to reach well locations on adjacent property if those wells will develop Entek's mineral estate subjacent to Stull's surface (Count Two); and (3) access all surface areas within the unitized federal exploratory unit because of the unitization agreement (Count Three).[2]  Docket No. 81 at 11-14.  The second claim for relief is for a permanent injunction.  *Id*. at 14.

On July 31, 2012, the parties filed cross motions for summary judgment.  Docket Nos. 146, 149].  On March 29, 2013, the Court ruled that Entek was entitled to summary judgment as to Count One and that Stull was entitled to summary judgment as to Count Two and Count Three, Docket No. 173 at 9-10, 20, 25, and Final Judgment was entered accordingly.  Docket No. 174.  On April 25, 2013, Entek filed a Notice of Appeal [Docket No. 175].[3]  On August 14, 2014, the Tenth Circuit issued its Opinion. Docket No. 185.  The Tenth Circuit held that "the Focus Ranch Unit Agreement has the effect of providing Entek [GRB, LLC] all the relief it seeks (under what it calls claim three)," vacated the grant of summary judgment in defendant Stull Ranches, LLC's favor, and remanded the case for further proceedings.  *Entek*, 763 F.3d at 1259.

On October 22, 2014, the Mandate issued [Docket No. 189] and the Court

---

[2]Entek labels these declarations as "counts" but includes each of them in its first claim for relief.  *See* Docket No. 81 at 11-14.  All references to "Count Three" or "claim three" are to the portion of Entek's first claim for relief seeking a declaration that the unitization agreement grants it all necessary access to surface areas within the unitized federal exploratory unit, *see* Docket No. 81 at 14, ¶¶ 68-70, – the only aspect of Entek's first claim for relief the Tenth Circuit addressed.

[3]Stull filed a cross-appeal [Docket No. 179], which it voluntarily dismissed. Docket No. 184.

directed the parties to file draft orders granting summary judgment to Entek on Count Three of plaintiff's first claim for relief.  Docket No. 190.  Both parties submitted draft orders.  Docket Nos. 191, 194.  On November 17, 2014, Stull filed the present motion to dismiss and motion for summary judgment.  Docket Nos. 192, 193.[4]

## II.  ANALYSIS

"'[T]he scope of the mandate on remand in the Tenth Circuit is carved out by exclusion: unless the district court's discretion is specifically cabined, it may exercise discretion on what may be heard.'"  *Dish Network Corp. v. Arrowood Indem. Co.*, 772 F.3d 856, 864 (10th Cir. 2014) (quoting *United States v. West*, 646 F.3d 745, 749 (10th Cir. 2011)).  Thus, when a remand is general, "the district court is free to decide anything not foreclosed by the mandate."  *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1125 (10th Cir. 2003) (quotations omitted).  In other words, although the district court is bound by the mandate, "and the mandate controls all matters within its scope, . . . a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal."  *Id.* at 1126 (quotations omitted).  Here, the Tenth Circuit stated: "The district court's grant of summary judgment in favor of Stull is vacated and the case is remanded for further proceedings consistent with the terms of this opinion."  *Entek*, 763 F.3d at 1259.  Thus, the mandate does not expressly limit the

---

[4]On June 30, 2015, Stull filed a second reply brief in support of the present motions, noting that the BLM recently approved Entek's most recent applications for approval to access Stull's surface.  Docket No. 211.  Stull plans to appeal the BLM's decision to approve Entek's applications.  *Id.* at 2.  The second reply brief does not alter the resolution of Stull's motion to dismiss and, by Stull's own admission, the BLM's recent decisions "do not alter the merits of Stull Ranches' pending Motion for Summary Judgment."  *See* Docket No. 211 at 2.

Court's discretion to hear matters on remand that are not foreclosed by the terms of the Tenth Circuit's opinion. *Cf. Hicks v. Gates Rubber Co.*, 928 F.2d 966, 968-69 (10th Cir. 1991).

### A.  Entek's Motion for Summary Judgment

As to Count Three, Entek's motion for summary judgment sought a declaration that it "has the right to use any of the surface overlaying minerals committed to the Focus Ranch Unit to develop minerals anywhere in the unit."  Docket No. 149 at 22.  In considering whether Entek was entitled to relief under Count Three, the Tenth Circuit determined that the FRU agreement granted Entek the right to "use any portion of the surface in the unit to aid its mining activities in the unit without respect to individual lease or surface boundaries." *Entek*, 763 F.3d at 1256.  The Tenth Circuit concluded that, because the FRU agreement as contemplated by Count Three provided Entek "all the relief it seeks," the Tenth Circuit declined to address Count One and Count Two of Entek's first claim for relief. *Entek*, 763 F.3d at 1259.

As the parties' proposed draft orders recognize, the Tenth Circuit's opinion dictates that Entek be granted summary judgment as to Count Three of its first claim for relief. *See* Docket No. 194-1 at 7; Docket No. 191 at 4.  Because Count Three provides Entek with complete relief, Entek's and Stull's motions for summary judgment as to Count One and Count Two are denied as moot.

Stull contends that Entek's rights should be expressly made "subject to Stull Ranches' rights, such as those set forth in Colo. Rev. Stat. § 34-60-127(1)(a) and (b), otherwise recognized by law." Docket No. 194-1 at 8.  On September 26, 2011, Stull

4

filed its third amended counterclaim against Entek for violation of the common law accommodation doctrine and § 34-60-127.  Docket No. 61 at 3.  Entek moved to dismiss Stull's counterclaim on ripeness grounds.  Docket No. 87.  The Court dismissed Stull's counterclaim without prejudice, ruling that, "because Stull's counterclaim is contingent on future events and Stull is unlikely to face a hardship by a delay, Stull's counterclaim is not fit for judicial resolution."  Docket No. 167 at 6.  Because Stull's counterclaim was dismissed and because Stull does not provide any other reason to subordinate Entek's rights to "Stull Ranches' rights," the Court has no basis to modify Entek's rights in the manner Stull suggests.[5]  Entek is therefore entitled to "'reenter and occupy' so much of the surface in the unitized area as may be 'reasonably incident' to extracting materials from the unit."  *See Entek*, 763 F.3d at 1256.[6]

### B.  Stull's Renewed Motion to Dismiss

Stull's Renewed Motion to Dismiss seeks dismissal of Entek's complaint for failure to join the BLM, which Stull contends is a required party.  Docket No. 192 at 1.  Stull concedes that the Court has already ruled that the BLM is not a required party pursuant to Fed. R. Civ. P. 19(a), *see* Docket No. 172, but contends that changed factual and legal circumstances merit revisiting the issue.  Docket No. 192 at 2.

On October 21, 2011, Stull filed a motion to dismiss, seeking, among other

---

[5]The question of whether Entek's rights should be expressly conditioned on "preconditions to surface access under the SRHA," *see* Docket No. 194-1 at 8, is addressed below.

[6]On remand, Entek does not appear to seek injunctive relief.  *See* Docket No. 191 at 4.  As a result, the Court will not revisit its ruling on Entek's second claim for relief.  *See* Docket No. 173 at 25-26.

things, dismissal of Entek's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(7)

for failure to join the BLM as a necessary party.  Docket No. 88 at 2.  Stull's primary

argument was that, because Entek's lease rights are derived from the BLM, "the issues

in this case directly affect the scope of the property rights owned by BLM."  *Id.* at 5.

The Court found that Stull failed to establish that the BLM was a required party

pursuant to Fed. R. Civ. P. 19(a) for multiple reasons.  First,

> Stull . . . does not clearly explain why the BLM's presence is necessary for
> the Court to determine the scope of Entek's leases.  Stull apparently
> assumes that any decision by this Court will bear upon the scope of the
> BLM's interests.  However, as a lessee, Entek acquired only a limited right
> to extract minerals within the geographical boundaries of its leases.
> Because Entek's rights are limited by the terms of its leases, the BLM has
> [reserved] the necessary rights to its mineral estates.  The Court's ruling on
> Entek's declaratory judgment will not bear upon the right of the BLM to
> remove its minerals; it will only determine what surface use rights Entek, the
> lessee, has.  As such, the BLM's interest in its minerals is neither altered nor
> affected in any way by Entek's declaratory judgment.  Accordingly, because
> complete relief under Rule 19 means relief among those already parties to
> the case, the Court finds that it can, in the absence of the BLM, grant Entek
> full relief in this case.

Docket No. 172 at 4 (footnote and quotations omitted) (citing Fed. R. Civ. P.

19(a)(1)(A)).  Second, Stull failed to identify the BLM's interests in the subject matter of

this case and, moreover, failed to indicate how a judgment in this case would impact, let

alone impair, such interests.  *Id.* at 5-6 (citing Fed. R. Civ. P. 19(a)(1)(B)(i)).  Third,

although Stull raised the possibility that it could be subject to multiple litigation in the

future, Stull failed to establish that it would be subject to multiple or inconsistent

obligations if the case proceeded without the BLM.  *Id.* at 6 (citing Fed. R. Civ. P.

19(a)(1)(B)(ii)).  Because the Court determined that the BLM was not a required person

under Rule 19(a), the Court did not reach the remaining considerations for granting

Stull's Rule 12(b)(7) motion. *Id.* at 7.

Although the parties appear to disagree as to whether Stull could (or should) have cross-appealed the Court's ruling that the BLM was not a required party, there appears to be no dispute that Stull did not raise the issue before the Tenth Circuit prior to the Tenth Circuit issuing its opinion. *See* Docket No. 195 at 3-4; Docket No. 199 at 3-4.[7]

Stull does not argue that the Tenth Circuit's remand of this case, explicitly or implicitly, directs the Court to reevaluate whether the BLM is a required party. Rather, Stull contends only that, "[b]ecause the Tenth Circuit did not address whether this case could proceed in the absence of the BLM, the mandate does not foreclose this court from deciding the issue." Docket No. 199 at 4. The Court agrees that, since the issue of whether the BLM is an required party was not explicitly or impliedly decided by the Tenth Circuit, the mandate does not prohibit the Court from exercising its discretion to revisit this issue. However, simply because the Court is not foreclosed from revisiting this issue does not mean that it is appropriate to do so. Stull's motion fails to identify any procedural basis under which the Court can reconsider its ruling. Stull's reply brief argues that the Court is authorized to consider its renewed motion to dismiss pursuant

---

[7]In its petition for rehearing en banc, Stull argued that the BLM was a required party under Rule 19(a). *Entek*, No. 13-1172 (10th Cir. Aug. 28, 2014) (pp. 15-16). The Tenth Circuit denied Stull's petition without discussion. *Entek*, No. 13-1172 (10th Cir. Oct. 14, 2014) (Order on Petition for Rehearing and Rehearing En Banc pp. 1-2). The Court does not understand Entek to argue that the Tenth Circuit's denial of Stull's petition can be construed as a decision on the merits of Stull's Rule 19 argument, nor is there any basis for so concluding. *See Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1480 (Fed. Cir. 1998) (indicating that summary denial of rehearing petition does not imply any substantive judgment on the merits of arguments raised in petition).

to Fed. R. Civ. P. 54(b) and that the Court should "apply the same standard as it applied in deciding Stull Ranches' initial motion."  Docket No. 199.

The Court construes Stull's briefs as invoking the Court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).  However, such plenary power is not without limit.  In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders.  *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  Although Stull's arguments fail to directly address the relevant standard, the Court will nonetheless consider whether Stull has identified sufficient changes "in the applicable legal and factual circumstances" so as to warrant reconsidering whether the BLM is a required party pursuant to Fed. R. Civ. P. 19(a).  *See* Docket No. 192 at 2.

8

Stull attempts to recast this case and, in particular, the Tenth Circuit's opinion as determining the BLM's, rather than Entek's, rights to the surface within the FRU.  Stull argues that, in deciding Entek's appeal, the Tenth Circuit "reached up the line of rights, concluding that BLM's rights must be resolved to enter judgment on Count Three." Docket No. 192 at 3.  Stull then renews its argument that, "[b]ecause Entek's rights as a lessee cannot exceed the rights of the BLM as the mineral owner and lessor, the decision in this case will directly affect the scope of the property rights owned by the BLM."  Docket No. 192 at 3; *cf.* Docket No. 88 at 5.  The Court disagrees with Stull's characterization of the Tenth Circuit's opinion.  The declaratory judgment in this case defines Entek's rights with respect to the surface estate within the FRU.  *See, e.g.*, *Entek*, 763 F.3d at 1256-57 ("In this case, that means *Entek* has the right (among other things) to use an already existing road above one leasehold to service an existing well above another." (emphasis added)).  Stull fails to identify any aspect of the Tenth Circuit's opinion that purports to declare or decide the BLM's rights with respect to Stull or the FRU.  Although the Tenth Circuit looked to the SRHA and MLA in determining Entek's rights, *see id.* at 1254-55, this does not alter the fact that the relief sought and granted in this case directly concerns Entek's rights with respect to the FRU.  *See BTU W. Resources, Inc. v. Berenergy Corp.*, 300 F.R.D. 572, 547 (D. Wyo. 2014) (concluding that United States was not a required party in suit between two federal mining lessees (citing *Texas Co. v. Wall*, 107 F.2d 45, 50 (7th Cir. 1939) ("when a plaintiff-lessee is seeking merely to enjoin a defendant-lessee from interfering with the plaintiff's leasehold interest, and no relief is sought either for or against the plaintiff's

9

lessor, the decree of the trial court ordinarily can be framed as not to affect the right of the plaintiff's lessor"))).

Moreover, to the extent Stull argues that the Tenth Circuit's reliance on the SRHA and MLA to determine the scope of Entek's rights constitutes an unanticipated change in factual or legal circumstances, Stull's argument is without merit. Entek's rights as a lessee have always been dependent in some measure on what rights the BLM possessed under the SRHA and MLA to confer upon Entek. *See, e.g.*, Docket No. 81 at 12, ¶ 61. Stull argued as much in its original motion to dismiss, *see* Docket No. 88 at 7, and substantially renews the same argument in its renewed motion to dismiss. *See* Docket No. 192 at 3. To the extent Stull attempts to raise new arguments as to whether Entek's rights are dependent upon the BLM's rights, Stull does not explain why it could not have raised such arguments in its original motion on this issue. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that motion for reconsideration is inappropriate vehicle to raise "new arguments, or supporting facts which were available at the time of the original motion"). Thus, Stull fails to identify sufficient newly-discovered facts or legal authority with respect to the BLM's status under Fed. R. Civ. P. 19(a).

Stull does not establish that any particular aspect of the Court's prior ruling was clearly erroneous. With respect to whether complete relief can be awarded between Entek and Stull, the fact remains that neither party sought relief against the BLM.[8] Stull

---

[8]Stull argues that, in ruling on the BLM's status under Rule 19(a), the Court held that Entek's rights were limited by the geographical boundaries of its leases, "so the rights of the BLM were not at issue," but that "the Tenth Circuit's opinion rejects the fundamental assumption that this Court relied on to deny the initial motion and confirms

speculates that it "may not be able to hold the United States or its future lessees to the

limits on SRHA surface rights recognized by the Tenth Circuit, and Entek itself cannot

hold the United States to the interpretation of SRHA it proposed, without the United

States being a party." Docket No. 192 at 4 n.1. Stull does not further explain or

develop its argument and, as a result, the Court does not find it persuasive. *See BTU*

*Western*, 300 F.R.D. at 574.

With respect to whether the BLM has an interest in this case that may be

impaired, Stull fails to specifically identify what BLM interests this case puts at issue.

Stull speculates that the BLM's interests may be impaired because the BLM may not

agree with the Tenth Circuit's opinion, which could lead to "unanticipated

consequences" for the BLM or cause the BLM to "reevaluate the unitization program."

Docket No. 192 at 4-5. However, Stull's arguments as to this consideration are

unsupported, *cf. BTU Western*, 300 F.R.D. at 574 ("Courts have been determining the

rights of mineral lessors relative to other owners or users, without the United States as

a party, since *Kinney-Coastal Oil Co. v. Kieffer*, 277 U.S. 488[] (1928)."), and,

moreover, Stull fails to explain why it could not have made such arguments in its

---

that the BLM has an interest related to this suit." Docket No. 199 at 5 (citing Docket No. 172 at 4). Stull misinterprets the Court's prior ruling. The Court ruled that Entek's rights were limited by the terms of its leases and, as a result, that Entek could be afforded complete relief if the BLM was absent from the suit. Docket No. 172 at 4. The Tenth Circuit's opinion does not call into question the proposition that Entek holds only those rights granted to it through its leases. *See Entek*, 763 F.3d at 1253 ("Entek leases from the federal government the right to explore for and develop minerals under much of Stull's surface and adjoining surface estates."). Moreover, as Stull concedes, the Tenth Circuit did not address the question of whether Entek could be awarded complete relief if the BLM is absent from this suit. Thus, Stull's argument on this issue falls short of establishing clear error.

original motion.  *See Servants of the Paraclete*, 204 F.3d at 1012.

With respect to whether Stull or Entek would be subjected to a substantial risk of inconsistent obligations, Stull fails to explain how, if at all, the Tenth Circuit's opinion alters the Court's prior ruling on this issue.  *See* Docket No. 192 at 4 n.1.  The Court finds no basis for so concluding.  *See BTU Western*, 300 F.R.D. at 575 ("potential future disputes involving other mineral leases are not the subject of this action").

For the foregoing reasons, Stull fails to identify new evidence or legal authority or to establish that the Court's prior ruling was clearly erroneous.  As a result, Entek fails to show that it is entitled to reconsideration of the Court's prior ruling that the BLM is not a required party pursuant to Rule 19(a).  Stull's renewed motion to dismiss is denied.

### C.  Stull's Motion for Summary Judgment

Stull argues that Entek's claims must be dismissed or, in the alternative, that this case should be stayed because Entek has not acquired a bond from the BLM pursuant to 43 U.S.C. § 299(a).  Docket No. 193 at 1.

The SRHA sets forth the obligations of a mineral rights lessee seeking to enter and occupy a surface estate for purposes of developing minerals.  § 299(a).  Any person or entity having the right to mine and remove coal or mineral deposits "shall have the right at all times to enter upon the lands entered or patented, as provided by this subchapter, for the purposes of prospecting coal or other mineral therein," provided that the entrant compensates the surface owner for any damage caused by such prospecting.  *Id.*  A lessee may then "reenter and occupy so much of the surface thereof as may be required for all purposes reasonably incident to the mining or

12

removal of the coal or other minerals," § 299(a), provided the lessee performs one of

three "conditions precedent." *Gilbertz v. United States*, 808 F.2d 1374, 1379 (10th Cir.

1987).  In order to use the surface estate to remove minerals, the lessee must either (a)

secure the written consent or waiver of the surface owner, (b) pay an agreed upon

amount to the surface owner for damage caused by the lessee's entry onto the land, or

(c) if unable to reach an agreement with the surface owner, post a bond with the United

States "for the use and benefit of the entryman or owner of the land, to secure the

payment of such damages to the crops or tangible improvements or the entryman or

owner." § 299(a).  A lessee seeking a bond must apply for one through the BLM.  43

C.F.R. § 3814.1(c).  The surface owner is then given 30 days to object to the bond.

§ 3814.1(d).  If no objections are received, the BLM shall, "if all else be regular, approve

said bond."  *Id.*  If the surface owner objects, the BLM must decide whether "the

proffered bond is a good and sufficient one and [whether] the objections . . . justify [the

BLM] in refusing to approve said proffered bond."  *Id.*

On July 27, 2011, Entek applied to the BLM for two bonds related to Stull-owned

surface areas within the FRU.  Docket No. 126-17 at 2.  On March 18, 2014, the BLM

returned bond number B006671 without approval because "Entek does not have a well

or any access roads through the private surface" and returned bond number B006670

without approval because "Entek moved the FRU #33-13 well from private surface . . .

to BLM surface."  Docket No. 196-1 at 4-5.

The relevant procedural history is as follows: In its original motion for summary

judgment, Stull argued that, because Entek did not have agreement or a BLM approved

bond to use Stull's surface, Count Two and Count Three of Entek's first claim for relief

13

were precluded by 43 U.S.C. § 299(a).  Docket No. 146 at 17.  The Court resolved

Stull's original motion for summary judgment on other grounds.  Stull raised this issue

before the Tenth Circuit.  *Entek*, No. 13-1172 (10th Cir. Nov. 12, 2013) (Appellee's Brief

at 30-32).  Entek replied, arguing that Stull's argument was premature because, at that

point, the BLM had not responded to Entek's bond request and "Stull has not shown

that the BLM would not issue the appropriate bond if this Court holds that Entek has the

requested right of access under the SRHA."  *Entek*, No. 13-1172 (10th Cir. Nov. 29,

2013) (Appellant's Reply Brief 10 n.6).

On February 21, 2014, the Tenth Circuit noted that Entek had yet to satisfy any

of the three conditions precedent set forth in 43 U.S.C. § 299(a) and, as a result,

directed the parties to submit supplemental briefs addressing the question of whether

the case was ripe for judicial review.  *Entek*, No. 13-1172 (10th Cir. Feb. 21, 2014)

(Order at 1-2).  On March 3, 2014, the parties submitted supplemental briefs on the

issue of ripeness.  *Entek*, No. 13-1172 (10th Cir. March 3, 2014) (Appellant's

Supplemental Brief and Stull Ranches' Supplemental Brief on Ripeness).  On March

21, 2014, Stull submitted to the Tenth Circuit copies of the BLM's letters returning

bonds B006670 and B006671 without approval.  *Entek*, No. 13-1172 (10th Cir. March

21, 2014) (Supplemental authority for Entek GRB v. Stull Ranches).

On August 14, 2014, the Tenth Circuit issued its opinion, deciding Count Three

on the merits without explicitly discussing ripeness.  *See generally Entek*, 763 F.3d at

1252-59.  The Tenth Circuit did not rule on Stull's argument that Entek's failure to

satisfy § 299(a) precluded relief, but noted:

14

> Of course, the 1916 Act requires that a mineral lessee seeking to exercise its right to "reenter and occupy" must obtain the surface owner's agreement or post with the federal government a bond of a "good and sufficient" amount.  43 U.S.C. § 299(a); *see also Gilbertz v. United States,* 808 F.2d 1374, 1379 (10th Cir. 1987) (suggesting that an agreement or bond is a "condition[ ] precedent" to exercising the right to "reenter and occupy").  Obviously Entek lacks Stull's agreement, so it would seem the company must post a bond.  We do not mean to suggest that unitization eliminates this statutory requirement.  Neither do we mean to suggest Entek has satisfied the requirement; the question of a bond simply has not been raised in this case.

*Id.* at 1256 n.1.

Stull's arguments on this issue are somewhat difficult to interpret.  In the present motion for summary judgment, Stull argues that, because the BLM returned Entek's bonds to enter Stull's surface unapproved, this case is not ripe.  Docket No. 193 at 3-4.  In its reply brief, Stull appears to change course, arguing that its motion "is not based on the ripeness doctrine," but on the fact that "the BLM's approval of bonds is a condition precedent to the exercise of any surface access rights on SRHA-patented land.  BLM's denial of Entek's application for bond approval to access the 12-1 well precludes Entek from claiming that it has the rights it seeks."  Docket No. 200 at 1-2.  Stull's reply brief nonetheless continues to assert that the Tenth Circuit did not decide whether Entek's claims were ripe for juridical resolution.  Docket No. 200 at 3.  The Court construes Stull's briefs as raising the following issues: (1) whether Count Three is ripe and (2) whether the Court, for prudential reasons, should not enter judgment in Entek's favor on Count Three.  *See Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (noting that party seeking a declaratory judgment must establish that the suit is based on an actual controversy and that the district court should, in its discretion, exercise its statutory declaratory judgment authority).

15

### 1. Ripeness

Entek argues that, by receiving supplemental briefing on the issue of ripeness and issuing an opinion on the merits, the Tenth Circuit implicitly determined that Entek's claims presented an actual case or controversy.  Docket No. 196 at 5-6.  Stull's reply appears to assert that, because the Tenth Circuit did not explicitly mention the fact that Entek's bond applications were returned without approval, the Tenth Circuit did not decide the question of ripeness as it is now presented to this Court.  Docket No. 200 at 3.

"The question of whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution."  *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995).  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Stull's arguments assume that the Tenth Circuit disregarded such obligations in reaching the merits of Count Three, an assumption to which the Court does not subscribe.  Having requested and received supplemental briefing on the question of whether Entek's claims were ripe, the Tenth Circuit was undoubtedly aware of the issue.  Although the Tenth Circuit's opinion did not state that Count Three constituted an actual case or controversy, the

Tenth Circuit decided Count Three on the merits. *Entek*, 763 F.3d at 1259.  It could not have reached the merits without first assuring itself as to its own jurisdiction.  *See Cunningham*, 427 F.3d at 1245.  Moreover, the Tenth Circuit was well aware of § 299(a)'s requirements, *Entek*, 763 F.3d at 1256 n.1, but evidently did not determine that such requirements rendered Count Three unripe.  Thus, because the Tenth Circuit reached the merits of Count Three, the Tenth Circuit implicitly decided that Count Three was ripe for judicial resolution.  *See Cunningham*, 427 F.3d at 1245.

Stull nonetheless argues that the Court should revisit the issue of subject matter jurisdiction because the "Tenth Circuit did not decide that the case would be ripe for a ruling for Entek if the BLM denied approval of the bonds that are a condition precedent to the surface rights that Entek claims."  Docket No. 200 at 3-4.  Stull is incorrect.  On March 21, 2014, Stull submitted to the Tenth Circuit the BLM's letters returning Entek's bonds without approval.  Docket No. 196-1 at 2-5.  Thus, by the time it issued its opinion on August 14, 2014, the Tenth Circuit was aware that the BLM had not approved Entek's bond application but, by reaching the merits of Count Three, necessarily concluded that it had subject matter jurisdiction over this case.  Stull does not identify any change in circumstances that would merit revisiting the Tenth Circuit's implicit conclusion that this dispute is ripe for judicial resolution and no such change in circumstances is apparent to the Court.  As a result, the Court is satisfied that it has subject matter jurisdiction to grant Entek summary judgment as to Count Three.  *See Cunningham*, 427 F.3d at 1245.  Stull's motion for summary judgment on the issue of ripeness is therefore denied.

### 2. Prudential Considerations

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  Because the Declaratory Judgment Act does not mandate that courts issue a declaration of rights in every case over which they have subject matter jurisdiction, courts are guided by certain factors in determining whether to exercise discretion to decide a particular action for declaratory judgment.  *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).[9]

Stull appears to argue that, because Entek has not satisfied all conditions precedent to exercising its surface access rights to remove minerals, the Court should not declare what those rights are.  Docket No. 200 at 2.  However, the Tenth Circuit did not view the requirements of § 299(a) as an impediment to deciding this case.  Rather, the Tenth Circuit noted that, although its decision does not eliminate § 299(a)'s statutory requirements, "the question of a bond simply has not been raised in this case." *Entek*, 763 F.3d at 1256 n.1.  The Court believes that declaratory relief is appropriate. "[N]othing in the Declaratory Judgment Act prohibits a court from deciding a purely legal

---

[9]The relevant factors are:
[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
[5] whether there is an alternative remedy which is better or more effective.
*Mhoon*, 31 F.3d at 983.

question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." *Cf. Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989).  Here, Entek seeks a declaration that it has the right to use the surface overlaying minerals committed to the Focus Ranch Unit to develop minerals anywhere in the unit.  Docket No. 149 at 22.  In seeking this relief, Entek does not seek to bypass § 299(a)'s requirements or seek a ruling that it has satisfied such requirements.  Moreover, § 299(a) does not require a bond for all entrances onto the surface reasonably incident to developing minerals beneath it.  *See* § 299(a) (setting forth procedure for entering surface for prospecting purposes).  Although judgment in Entek's favor may not entirely resolve the question of whether Entek can satisfy § 299(a) and thereby exercise all of its surface rights to remove minerals, this is not a sufficient reason for the Court to decline to declare what Entek's rights are so that Entek may then exercise such rights in accordance with § 299(a).  *Cf. PepsiCo v. Central Inv. Corp.*, 271 F. Supp. 2d 1040, 1050 (S.D. Ohio 2001) ("While the Court tends to agree that a declaratory judgment will not settle the controversy, it does serve a quite useful purpose in clarifying the legal relations at issue.").  Thus, Stull fails to provide a persuasive reason why the Court should not exercise its discretion to enter judgment in Entek's favor on Count Three.  Stull's motion for summary judgment is therefore denied.

### D.  Declaration of Rights

In light of the foregoing, the Court declares the following:

With regard to Entek's request for a declaratory judgment on Count Three, it is:

**ORDERED** that Entek has the right to use any of the surface overlaying minerals committed to the Focus Ranch Unit for any purpose reasonably incident to developing minerals anywhere within the Focus Ranch Unit.

## III. CONCLUSION

For the foregoing reasons and pursuant to the Tenth Circuit's opinion, it is

**ORDERED** that the March 29, 2013 Final Judgment [Docket No. 174] is

**VACATED**.  It is further

**ORDERED** that Entek's Motion for Summary Judgment [Docket No. 149] is

**GRANTED** as to Count Three, **DENIED** as moot with respect to Count One and Count

Two, and **DENIED** with respect to Entek's claim for injunctive relief.  It is further

**ORDERED** that Stull's Motion for Partial Summary Judgment [Docket No. 146],

Renewed Motion to Dismiss for Failure to Join the United States, a Required Party

[Docket No. 192], and Motion for Summary Judgment for Failure to Satisfy Conditions

Precedent [Docket No. 193] are **DENIED**.  It is further

**ORDERED** that the Clerk of the Court shall enter Final Judgment in favor of

Entek in accordance with the terms of this Order.


DATED July 1, 2015.

                                        BY THE COURT:


                                         s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge

20