IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01557-PAB-KLM

ENTEK GRB, LLC,

      Plaintiff,

v.

STULL RANCHES, LLC,

      Defendant.

---

## ORDER

---

This matter is before the Court on Stull Ranches' Motion to Review Clerk's Taxing of Costs (Doc. 233) [Docket No. 234]. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

The background facts have been set forth elsewhere and will not be restated here except as relevant to resolving the present matter. *See* Docket No. 173 at 1-5; *Entek GRB, LLC v. Stull Ranches, LLC*, 763 F.3d 1252, 1253-54 (10th Cir. 2014). Plaintiff Entek GRB, LLC ("Entek") asserted two claims for relief in this case. Plaintiff's first claim for relief sought a declaration that it had the right to: (1) stake, survey, drill, and develop well locations on Stull's surface ("Count One"); (2) use Stull's surface to reach well locations on adjacent property if those wells will develop Entek's mineral estate subjacent to Stull's surface ("Count Two"); and (3) access all surface areas within the unitized federal exploratory unit because of the unitization agreement ("Count

Three"). Docket No. 81 at 11-14. The second claim for relief was for a permanent injunction. *Id*. at 14.

On July 31, 2012, the parties filed cross motions for summary judgment. Docket Nos. 146, 149. On March 29, 2013, the Court ruled that Entek was entitled to summary judgment as to Count One and that Stull was entitled to summary judgment as to Count Two and Count Three. Docket No. 173 at 9-10, 20, 25. Final Judgment entered accordingly. On April 25, 2013, Entek filed a Notice of Appeal. Docket No. 175. On August 14, 2014, the Tenth Circuit issued its opinion, holding that "the Focus Ranch Unit Agreement has the effect of providing Entek all the relief it seeks (under what it calls claim three)," vacated the grant of summary judgment in Stull Ranches' favor, and remanded the case for further proceedings. Docket No. 185 at 15-16.

On July 1, 2015, the Court granted Entek's summary judgment motion as to Count Three and denied as moot its motion with respect to Count One, Count Two, and plaintiff's claim for injunctive relief. *See* Docket No. 212. Final judgment in this matter entered in favor of Entek and against defendant Stull Ranches, LLC ("Stull Ranches") on July 6, 2015. Docket No. 213. The Court awarded plaintiff its costs in the July 6, 2015 final judgment. *Id*. at 2.

On July 20, 2015, Entek submitted a proposed bill of costs seeking costs in the amount of $52,432.88. Docket No. 221. On August 24, 2015, Entek filed an amended bill of costs seeking costs in the amount of $54,872.90. Docket No. 231. On August 27, 2015, the Clerk of the Court awarded costs in the amount of $36,118.17. Docket No. 233 at 1.

On September 3, 2015, Stull Ranches filed the instant motion. Docket No. 234.

2

Stull Ranches first argues that Entek should not recover any costs because the case presented "close and difficult" questions. *Id*. at 3. Stull Ranches argues, in the alternative, that the Court should apply "extra scrutiny of Entek's request for costs." *Id*.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  "[T]he taxing of costs pursuant to Rule 54(d)(1) rests in the sound judicial discretion of the trial court, and an abuse of that discretion occurs only where the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002) (internal citations omitted).

## III.  ANALYSIS

Defendant challenges the award of any costs, Docket No. 234 at 3, and, in the alternative, challenges the clerk's award of (1) $4,278 in costs for copies while this case was on appeal, *id*. at 3-4; (2) $13,766 in costs for data processing fees, *id*. at 4-6; (3) $1,381 in costs for copies for the preliminary injunction hearing, *id*. at 6; and (4) $18,438 in "costs not specifically identified." *Id*. at 6-7.

Section 1920 of Title 28 provides that the Clerk of Court may tax the following items as costs awarded pursuant to Fed. R. Civ. P. 54(d)(1):

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any
material where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special
interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The party seeking costs bears the burden of establishing that the

requested sums were reasonably necessary to the litigation.  *Allison*, 289 F.3d at 1248-

49.  Courts must evaluate the reasonableness of each expenditure according to the

"particular facts and circumstances at the time the expense was incurred" and not with

the benefit of hindsight.  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148

(10th Cir. 2009).

### A.  The Costs Award

Fed. R. Civ. P. 54 "creates a presumption that the district court will award costs

to the prevailing party."  *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69

F.3d 456, 459 (10th Cir. 1995) (citing *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th

Cir. 1980)).  The Court's discretion to award or deny costs is restrained by the

requirement that "it must provide a valid reason for not awarding costs to a prevailing

party."  *Cantrell*, 69 F.3d at 459 (citing *Serna*, 616 F.2d at 1167-68).

Defendant argues that the Court should deny plaintiff its costs because this case

presented close and difficult questions.  Docket No. 234 at 3.  Defendant notes that in a

March 29, 2013 order the Court found this case "raised identical issues," *see* Docket

No. 173 at 22, and was related to *Stone & Wolf, LLC v. Three Forks Ranch Corp., LLC*,

4

No. 00-cv-01130-REB-OES, 2004 WL 5615898 (D. Colo. Jan. 8, 2004), and that its

position in this case "was virtually undistinguishable from the successful position held

by its neighbor" in *Three Forks Ranch*.  Docket No. 234 at 3.  Plaintiff does not dispute

that the Court may deny costs if a case presents close and difficult questions, but

argues that defendant "has provided no information to overcome" the presumption that

a prevailing party is awarded its costs.[1]  Docket No. 235 at 5.

The denial of costs is a "severe penalty . . . and there must be some apparent

reason to penalize the prevailing party if costs are to be denied."  *Klein v. Grynberg*, 44

F.3d 1497, 1507 (10th Cir. 1995).  The Court finds that the issues presented in this

case, as analyzed by the Tenth Circuit, were not so close and difficult as to deny

plaintiff its costs.

### B.  Copying Costs While Case Was on Appeal

Defendant challenges the award of $4,278 in costs for copies while this case

was on appeal.  Docket No. 234 at 3-4.  Defendant argues that, generally, "costs on

appeal are not recoverable in District Court" and that the "contested costs do not fall

within any" exception to this rule.  *Id*. at 4.

Plaintiff responds that the award of $4,278 was not for the costs of copies on

---

[1]Plaintiff argues that *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 906 (D. Kan. 2007), cited by defendant, is inapposite because that case also involved the "indigency exception," an exception not argued by defendant.  Docket No. 235 at 4. The Court finds that the "close and difficult question" exception is independent of the "indigency exception" as a basis for denying costs.  *See Cantrell*, 69 F.3d at 459; *In re Williams*, 558 F.3d at 1150-51 ("we have recognized that certain circumstances justify a district court in exercising its discretion to deny otherwise recoverable costs, "including . . . when the issues were close or difficult") (quoting *Zeran v. Diamond Broad*, 203 F.3d 714, 722 (10th Cir. 2000)).

appeal and that the Clerk explicitly rejected this argument in awarding these costs.
Docket No. 235 at 6.  Plaintiff claims that the "vast majority of these costs were incurred
as production costs pursuant to Freedom of Information Act ("FOIA") requests
submitted to the Bureau of Land Management" and, "although these documents were
not made part of the record, they were nonetheless reasonable at the time requested
and were therefore awardable under *In re Williams Securities.*"[2]  *Id.* (internal quotations
omitted).  Plaintiff notes that "the timing of the invoices for the FOIA requests was due
in part to the untimely Bureau of Land Management response to the FOIA request."  *Id.*
The Court finds that plaintiff has shown that its $4,278 in copying costs was reasonably
necessary for this litigation and were not related to the appeal.

### C. **Data Processing Costs**

Defendant challenges the award of $13,766 in costs for data processing fees.
Docket No. 234 at 4-6.  Defendant argues that these charges "appear to be connected
to work related to the documents produced by the parties.  However, the vast majority
of those charges appear to have nothing to do with the making of exemplars or copies
of documents."  *Id.* at 4.  Defendant asserts that the data "processing charges here
contested appear to involve Entek's attorneys developing an electronic platform for
computerized document analysis."  *Id.* at 5.  Defendant argues that, while "scanning
[and] conversion to TIFF files [is] taxable as costs, . . . steps leading up to production –

---

[2]In *In re Williams*, 558 F.3d at 1148, the Tenth Circuit held that the Court "will not
penalize a party who happens to prevail on a dispositive motion by not awarding costs
associated with that portion of discovery which had no bearing on the dispositive
motion, but which appeared otherwise necessary at the time it was taken for proper
preparation of the case." (internal citations omitted).

including ESI costs with an outside vendor – [are] not taxable." *Id.*

Plaintiff contends that the "underlying invoices make clear that the expenses relate to 'processing data' and the 'conversion to TIFF,'" which are recoverable under 28 U.S.C. § 1920(4).  Docket No. 235 at 7.  Plaintiff asserts that "every single invoice is for processing data and all but two specifically reference the conversion to TIFF files." *Id.*; *see* Docket No. 231 at 52 ($6,160.28 bill for processing data), 53 ($3,163.38 bill for conversion to TIFF and processing data); 56 ($2,821.44 bill for processing data); 57 ($186.68 bill for conversion to TIFF and processing data); 66 ($893.76 bill for conversion to TIFF and processing data); 76 ($543.85 bill for conversion to TIFF and processing data).[3]

Defendant replies that these invoices improperly include the "creation of a native file data base and de-duping."  Docket No. 236 at 4; *see Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169-170 (3d Cir. 2012) (holding that activities like database creation and extracting electronically searchable information are not properly considered "copying costs.").  Several invoices state that plaintiff incurred costs for "Data Reduction (De-nist/De-dupe)," Docket No. 231 at 52 ($1,563.83); 53 ($883.20); 56 ($706.59), which is not a copying cost.  *See Race Tires America*, 674 F.3d at 169-170.  It is unclear how the invoices otherwise could suggest that plaintiff's data processing costs are attributable to creating a database, and defendant offers no explanation for which costs on the invoice are attributable to database creation.  Accordingly, the Court will reduce the clerk's award of costs to plaintiff by $3,153.62,

---

[3]The total of these invoices is $13,769.39.

the total of its data processing costs not attributable to copying.

The Court finds that plaintiff has established that the data processing costs not attributable to "Data Reduction (De-nist/De-dupe)" were reasonable.

### D. Preliminary Injunction Hearing Copying Costs

Defendant challenges the award of $1,381 in costs for copies for the preliminary injunction hearing. Docket No. 234 at 6. Defendant asserts that "Entek readily admitted at the beginning of the hearing: 'We don't intend to use all of those exhibits today'" and that "preparing 5,000 copies of exhibits that Entek knew would never be used in a short hearing is unreasonable." *Id*.

Plaintiff responds it "prepared various documents that it appropriately anticipated necessary at the hearing on preliminary injunction" and "[t]he fact that they were not specifically mentioned at the hearing after being entered into evidence is unrelated to the determination of whether it was reasonable for Entek to incur the cost to prepare these documents in advance of the hearing." Docket No. 235 at 8-9.

The Court finds nothing improper about plaintiff making copies of exhibits that, once the hearing began, it decided not to introduce. It would be reasonable and prudent for plaintiff's counsel to prepare for contingencies and to address unanticipated arguments of opposing counsel. The Court finds that plaintiff's costs in the amount of $1,381 for copies for the preliminary injunction hearing was "reasonably necessary for use in the case at the time the expenses were incurred." *See In re Williams,* 558 F.3d at 1148-49.

### E.  Costs Not Specifically Identified

Defendant challenges the award of $18,438 in "costs not specifically identified." Docket No. 234 at 6-7.  Defendant argues that "[t]he amount appears to relate to *Copies* for which Entek could provide no justification in the 'Comments' field of the *Copies* section" in the bill of costs and that "Entek's back-up documentation provides little if any assistance in identifying what these copies were used for or how they were 'necessarily obtained for use in the case.'"  *Id*.

Plaintiff responds that defendant "fails to mention that the total amount it seeks to have excluded under this heading includes the amounts it contests in two of the other categories identifies in its Motion" – (1) copies while on appeal and (2) data processing fees.  Docket No. 235 at 9.  Plaintiff asserts that, based on the clerk's request, it amended its bill of costs to remove "any costs that could arguably relate to regulatory work not directly connected with the litigation and also undertook several additional copy and related cost reductions."  *Id*. at 10.

Defendant offers no basis to find that the costs attributed to "costs not specifically identified" are improper.  Plaintiff is not required to account for every individual copy in order to recover its copying costs.  *See Miller v. Kastelic*, No. 12-cv-02677-CMA-MEH, 2015 WL 506953, at *2 (D. Colo. Feb. 5, 2015) ("Although Defendants do not specify all the documents that were copied, the Tenth Circuit does not require justification for each copy that is made, and it does 'not think that the burden to justify copies is a high one.'" (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998)).  The Court finds that plaintiff has established that its

copying costs in the amount of $18,438 were reasonably necessary for use in this case.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Stull Ranches' Motion to Review Clerk's Taxing of Costs (Doc.

233) [Docket No. 234] is **GRANTED** in part and **DENIED** in part.  Plaintiff Entek GRB,

LLC is awarded costs in the amount of $32,964.55.


DATED September 12, 2016.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge